## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY PENNSYLVANIA

| | |
|---|---|
| SIDI MOHAMED ABDERRAHMANE DAHY, *on behalf of himself and all other similarly situated individuals,*<br><br>Plaintiffs,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.<br><br>and<br><br>FIRST ADVANTAGE BACKGROUND SERVICES CORP.,<br><br>Defendants. | CIVIL DIVISION<br><br>No.: GD- 17-015638<br><br>**CLASS ACTION COMPLAINT**<br><br>Code_____<br><br>FILED ON BEHALF OF:<br>Plaintiff<br><br>COUNSEL OF RECORD FOR THIS PARTY:<br><br>James Pietz, Esquire<br>Pa. I.D. 55406<br>Ruairi McDonnell<br>Pa. I.D. 316998<br>Feinstein, Doyle, Payne & Kravec, LLC.<br>Law And Finance Bldg.<br>429 Fourth Avenue, 13th Floor<br>Pittsburgh, PA 15219<br>412-281-8400<br><br><br>**JURY TRIAL DEMANDED** |

EXHIBIT A

## IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY PENNSYLVANIA

SIDI MOHAMED ABDERRAHMANE
DAHY,                                     )
                                          )
    On behalf of himself and all      )
    similarly situated individuals,   )
                                          )     **CIVIL ACTION NO:**
        **Plaintiffs**            )
                                          )
    v.                                )
                                          )
FEDEX GROUND PACKAGE                      )
SYSTEM, INC.                              )
                                          )
and                                       )
                                          )
FIRST ADVANTAGE                           )
BACKGROUND SERVICES CORP.,                )
                                          )     **Class Action**
        **Defendants.**           )

### NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE OR KNOW A LAWYER, THEN YOU SHOULD GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

LAWYER REFERRAL SERVICE
The Allegheny County Bar Association
400 Koppers Building, 436 Seventh Ave.
Pittsburgh, PA 15219
(412) 261-6161

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY**
**PENNSYLVANIA**

| | |
|---|---|
| SIDI MOHAMED ABDERRAHMANE DAHY,            ) | |
|            ) | |
|     On behalf of himself and all      ) | |
|     similarly situated individuals,    ) | **CIVIL ACTION NO:** |
|            ) | |
|       **Plaintiffs**           ) | |
|            ) | |
|     v.           ) | |
|            ) | |
| FEDEX GROUND PACKAGE SYSTEM, INC.      ) | |
|            ) | |
| and           ) | |
|            ) | |
| FIRST ADVANTAGE BACKGROUND SERVICES CORP.,      ) | |
|            ) | **Class Action** |
|       **Defendants.**        ) | |

### CLASS ACTION COMPLAINT

COMES NOW Plaintiff Sidi Mohamed Abderrahmane Dahy ("Plaintiff" or "Sidi Dahy"), on behalf of himself and all others similarly situated, and for his Class Action Complaint against FedEx Ground Package System, Inc. ("FedEx Ground") and Individual Complaint against First Advantage Background Services Corp. ("First Advantage") alleges the following claims:

### I.    NATURE OF THE CASE

1.    Plaintiff brings this action against FedEx Ground for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681a–1681x. The FCRA imposes several important

2

requirements on employers that use a consumer report for employment purposes (commonly known as a "background check"), which are designed to protect consumers like Plaintiff.

2.     Defendant FedEx Ground is a corporate entity that has its primary offices in Moon Township, Pennsylvania. FedEx Ground is one of the largest ground delivery services companies in the world, with more than 65,000 employees and independent contractors. It fills its staffing needs with consumers like Plaintiff. As part of its hiring processes, FedEx Ground and its subsidiaries use background checks to make employment decisions. Because such employment decisions are based in whole or in part on the contents of the background checks, FedEx Ground is obliged to adhere to certain requirements of the FCRA.

3.     When using background reports for employment purposes, employers must, before declining, withdrawing, or terminating employment based in whole or in part on the contents of the report, provide job applicants like Plaintiff with a copy of their respective background reports as well as a written summary of their rights under the FCRA.

4.     Providing a copy of the background report as well as a statement of consumer rights before making a final adverse employment decision arms the nation's millions of job applicants with the knowledge and information needed to challenge inaccurate, incomplete, and misleading consumer reports. The FCRA is designed to permit individuals whose reports are inaccurate with ample time to identify the inaccuracies and correct them before the employer has made an employment decision. Even if reports are accurate, the FCRA demands that applicants receive them and their written FCRA rights so that they may preemptively discuss negative information with the potential employers.

5.     Employer access to background checks is presumptively illegal and impermissible. To overcome this presumption, employers must disclose to applicants their intent to obtain such

3

reports in a document that consists solely of the disclosure. Employers must then obtain consumers' written authorization to obtain the report.

6.      Plaintiff brings nationwide class claims against FedEx Ground under 15 U.S.C. § 1681b because, as a systematic omission in its hiring process FedEx Ground failed to provide Plaintiff and other consumers with (1) a standalone disclosure that a consumer report will be procured about them and (2) a copy of the background report or a summary of rights under the FCRA before taking an adverse employment action.

7.      Plaintiff also brings this action against First Advantage for violations of the FCRA.

8.      First Advantage operates as a consumer reporting agency as defined by the FCRA. 15 U.S.C. § 1681a(f). First Advantage compiles and maintains files on consumers on a nationwide basis. It then sells this information as consumer reports to various customers who access the First Advantage reports in order to make employment decisions, including whether to hire, terminate, transfer, or promote an employee or prospective employee, including the Plaintiff. First Advantage is also a "reseller" that assembles and merges information contained in the databases of other consumer reporting agencies ("CRAs") and resells the data to third parties, as defined in 15 U.S.C. § 1681a(u).

9.      First Advantage is one of the largest volume background check companies in the world: "[a]s one of the largest screening providers in the world, we have offices in 26 locations across 14 countries worldwide and we conduct over 55 million international background screens annually to 17.2 million applicants. Our solutions cater to organizations of all sizes and locations, providing a true global reach with local insight." First Advantage – About Us (available at https://www.fadv.com/about-us.aspx) (last accessed on November 15, 2017).

4

10.     In this case, First Advantage prepared a background report for FedEx Ground which deemed Plaintiff "In-Eligible for Hire" based on First Advantage's failure to "verify" the Social Security number Plaintiff provided to FedEx Ground in his employment application.

11.     In fact, the Social Security number Plaintiff provided to FedEx Ground was correct because it belongs to Plaintiff.

12.     FedEx Ground automatically adopted First Advantage's eligibility adjudication without any further interaction with Plaintiff, denying Plaintiff for employment.

## II.     JURISDICTION AND VENUE

13.     The Court has jurisdiction under the FCRA, 15 U.S.C. §§ 1681n and 1681p.

14.     The Courts of Common Pleas of this Commonwealth are endowed with full authority as provided by law, which extends to causes of action arising under federal law. 42 P.S. § 931.

15.     The Court has personal jurisdiction over Defendants, as they both operate their businesses within Allegheny County.

16.     Venue in this Court is proper under Pa. R. Civ. P. 1006 and 2179 because Defendants regularly conduct business in Allegheny County.  FedEx Ground maintains local operations in the Pittsburgh area, obtains background checks from Defendant First Advantage for use in hiring decisions which emanate from Allegheny County, and the conduct complained of herein occurred in Allegheny County.

## III.     PARTIES

17.     Plaintiff Sidi Dahy is a "consumer" as protected and governed by the FCRA.

18.     Defendant FedEx Ground is a corporation incorporated in and existing under the laws of the State of Delaware with its principal place of business located at 1000 FedEx Drive,

5

Moon Township, Pennsylvania 15108, that markets its services throughout the United States, including within this District. FedEx Ground is a wholly-owned subsidiary of FedEx Corporation.

19.     At all times pertinent to this Complaint, Defendant FedEx Ground was a "user" of consumer reports as defined and governed by the FCRA.

20.     First Advantage Background Services Corp. ("First Advantage") is a consumer reporting agency ("CRA") and reseller as defined and governed by the FCRA.

## IV.     FACTUAL ALLEGATIONS

### A.     Plaintiff's Application for Employment With FedEx Ground

21.     On or around November 8, 2015, Plaintiff sought employment with FedEx Ground.

22.     After submitting a preliminary application, Plaintiff visited a FedEx Ground location in Fredericksburg, Virginia on November 19, 2015, completing an application provided to him by FedEx Ground. Plaintiff met with a representative of FedEx Ground for a driver position and understood that the position for which he was applying was full-time and paying approximately $20 an hour.

23.     Plaintiff spoke with two representatives of FedEx on November 19, 2015.

24.     As part of the application process, FedEx Ground required Plaintiff to submit to a drug screen and medical examination. Plaintiff passed the drug screen and medical examination.

25.     Plaintiff obtained the medical examination on November 19, 2015 and returned a completed "Medical Examination Report" (the "Medical Report") to a representative of FedEx Ground the same day. The FedEx Ground representative receiving the Medical Report congratulated on passing the medical examination and indicated that Plaintiff was likely to obtain employment from FedEx Ground.

6

26.     FedEx Ground ordered a background check on Plaintiff from First Advantage on November 20, 2015, including a "Social Security Number Validation" on Plaintiff.

27.     Based upon the hiring criteria developed or designated by FedEx Ground, First Advantage adjudicates FedEx Ground applicants' background reports by deeming the applicant "Eligible for Hire" or "In-Eligible for Hire."

28.     First Advantage completed Plaintiff's background report and sent it electronically to FedEx Ground on November 23, 2015.

29.     The First Advantage report was not accurate. First Advantage reported to FedEx Ground that First Advantage could not verify that Plaintiff's Social Security number belonged to him. This statement was incorrect – the Social Security number provided to FedEx Ground by Plaintiff belongs to Plaintiff.

30.     First Advantage adjudicated Plaintiff as "In-Eligible for Hire" based on First Advantage's inability to "verify" Plaintiff's Social Security number.

31.     FedEx adopted First Advantage's adjudication as its own without any further process being provided to Plaintiff and took adverse action against Plaintiff based upon that adjudication.

32.     Upon entry of the "In-Eligible for Hire" adjudication result, First Advantage, automatically and without further communication from FedEx Ground, mails to the applicant what FedEx Ground claims is a "pre-adverse action" notice intended to comply with 15 U.S.C. § 1681b(b)(3).

33.     On or about November 23, 2015, First Advantage sent a letter on FedEx Ground's behalf to Plaintiff by regular mail ("Letter 1"), which Plaintiff did not receive until several days

7

later.  A copy of the material portion of Letter 1 and the attached background report is attached as Exhibit A.

34.     The November 23, 2015 letter stated, *inter alia*,

In connection with your employer or prospective employer's submission to qualify you in connection with a position providing services under FedEx Ground's motor carrier operating authority, you authorized production of a Consumer and/or Investigative Consumer Report ("Report")....

A copy of the Report is enclosed. Also enclosed is a summary of your rights under the Federal Fair Credit Reporting Act and state law, as applicable, and a rehabilitation questionnaire (Form XF-400).

Please carefully review the report. A qualification determination may be based in whole or in part on the information in the Report.

35.     By the time Plaintiff received the November 23, 2015 letter, he had already been adjudicated "In-Eligible for Hire" by FedEx Ground based upon the consumer report that FedEx Ground obtained from First Advantage. The adjudication automatically triggered the sending of Letter 1.

36.     The receipt of Letter 1 was the first opportunity Plaintiff was given to review the report First Advantage created for FedEx Ground.

37.     In fact, that adjudication by FedEx Ground is the final step in the adjudication process. No other action is required by either FedEx Ground or First Advantage to cause the rejection of the consumer's application.  If no one does anything else – FedEx Ground, First Advantage or the consumer – First Advantage automatically mails a second similar notice letter ("Letter 2") that substantively repeats the previous notice.

38.     There is no initial decision by FedEx Ground that causes the sending of Letter 1 followed by any other decision that causes First Advantage to dispatch Letter 2. Both letters are automatically sent once the adjudication of in-eligible is completed. The adjudication of in-eligible

8

is the only decision that FedEx ground makes and that results in a denial of employment to applicants, like Plaintiff, so adjudicated.

39.     Based on First Advantage's inability to "verify" Plaintiff's Social Security number, First Advantage adjudicated Plaintiff "In-Eligible for Hire." On the report, the "Social Security Verification" section states "Record Judged" as of November 20, 2015 at "4:07:25 PM." See Exhibit A.

40.     At that point, an "adverse action" had been taken by FedEx Ground – the adjudication as well as the effective final decision to bar Plaintiff from employment. No other action was necessary thereafter.

41.     Thus, the date of the "adverse action" against Plaintiff was the date that First Advantage first created and instantly "adjudicated" his application. First Advantage stated on Plaintiff's report "In-Eligible for Hire." See Exhibit A. FedEx Ground accepts and follows the First Advantage eligibility determination without any independent investigation or exercise of discretion. The adjudication is, in effect, FedEx Ground's final hiring decision, and it takes place before any notice is provided under Section 1681b(b)(3).

**B.     FedEx Ground's Practices and Policies**

42.     FedEx Ground has created and implemented national, uniform hiring and staffing policies, procedures, and practices under which it and its subsidiaries operate. Those policies, procedures, and practices cover the use of "background checks" or "consumer reports" to screen potential employees.

43.     On information and belief, in its applications for prospective employees, FedEx Ground routinely provides an FCRA disclosure that is combined with unrelated information and, therefore, does not stand-alone.

44.     FedEx Ground routinely uses consumer reports to screen prospective employees, with First Advantage grading applicants based on criteria FedEx Ground supplies to First Advantage. As a matter of practice, FedEx Ground regularly fails to provide copies of consumer reports to job applicants against whom it takes an adverse action based in whole or in part on consumer reports, before taking the adverse action.

45.     As a matter of practice, FedEx Ground regularly fails to provide copies of the FTC or CFPB notice of rights to job applicants against whom it takes an adverse action based in whole or in part on a consumer report, before taking that adverse action.

46.     As a matter of course, FedEx Ground uses the same business process for obtaining and using consumer reports, and for the "adjudication" of employment applications as it did with Plaintiff and members of the Class described below. In authorizing First Advantage to mail pre- and final adverse action letters automatically, FedEx Ground deprives consumers of any reasonable time period by which to dispute any inaccurate or derogatory information in their background reports.

47.     As a result of these FCRA violations, FedEx Ground is liable to Plaintiff, and to each Class member, for statutory damages from $100 to $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

48.     FedEx Ground's conduct and omissions were willful.  Because the FCRA was enacted in 1970, FedEx Ground has had years to become compliant but has failed to do so.

49.     The rule that FCRA disclosures be "clear and conspicuous" and part of a document consisting "solely" of that disclosure has been the law established for well over a decade.

50.     Clear judicial and administrative guidance – dating back to at least the 1990s – regarding a corporation's FCRA responsibilities exists and is readily available explaining that such disclosures must stand-alone. This readily-available guidance means that FedEx Ground either was aware of its responsibilities or plainly should have been aware of its responsibilities but ignored them and violated the FCRA anyway.

51.     FedEx Ground, a nationwide employer, was aware of obligations under the FCRA as they relate to employment because it hired First Advantage not only to perform its background checks but also to (attempt to) provide FedEx Ground's adverse-action notices to job applicants. FedEx Ground is a large corporation with in-house counsel and regularly engages outside counsel – it had ample means and opportunity to seek legal advice regarding its FCRA responsiblities. FedEx Ground therefore knew of the requirements imposed upon it by the FCRA, and failed to craft a system that would ensure compliance with those requirements.

## V.     LEGAL REQUIREMENTS

52.     Section 1681b(b)(2)(A) of the FCRA regulations the conduct of persons who obtain a "consumer report" about employees or prospective employees as follows:

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless –
>
>     (i)     a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and
>
>     (ii)    the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

53.     The FCRA requires that the disclosure be "in writing" in a stand-alone document.

11

54.     The disclosure used by FedEx Ground and signed by Plaintiff was buried in an application and contained unnecessary additional language.

55.     As a result of its defective disclosure, FedEx Ground procured a consumer report for Plaintiff and other consumers without first obtaining a proper, written authorization to do so.

56.     15 U.S.C. § 1681b(b)(2)(B) does not apply to Plaintiff because Plaintiff interviewed with FedEx Ground in person before FedEx Ground procured Plaintiff's consumer report from First Advantage.

57.     Discovery will show that it is FedEx Ground's standard hiring practice to use a wordy disclosure which is not contained in a standalone document consisting solely of the disclosure.

58.     Plaintiff values his privacy and would not, unless forced to by a prospective employer, share his background with anyone.

59.     Had Plaintiff known at the time he authorized FedEx to conduct the background check on him that FedEx sought that authorization based on a disclosure form that may violate the FCRA, he would not have authorized FedEx to conduct the background check.

60.     Additionally, Section 1681b(b)(3)(A) of the FCRA regulates the conduct of any person who uses a "consumer report" to take an adverse action against any employees or prospective employees as follows:

> Except as provided in subparagraph (B) [in cases of a consumer applying for a position over which the Secretary of Transportation may establish qualifications], in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates –
>
> (i)     a copy of the report; and

12

> (ii)     a description in writing of the rights of the consumer under this
>           subchapter, as prescribed by the Federal Trade Commission
>           under section 1681g(c)(3) of this title.

61.     The purpose of § 1681b(b)(3)(A) is to provide a prospective or current employee a sufficient amount of time to review the consumer report, correct any inaccuracies, to notify the prospective employer of these inaccuracies before an adverse action is taken and generally to discuss the contents of the report with the prospective employer.

62.     15 U.S.C. § 1681b(b)(3)(B) does not apply to Plaintiff because Plaintiff interviewed with FedEx Ground in person before FedEx Ground procured Plaintiff's consumer report from First Advantage.

63.     This statutory requirement was enacted by Congress expressly to protect consumer privacy by restricting the circumstances under which a person (in this instance FedEx Ground) could obtain and use a consumer's personal information consumer report.

64.     In enacting this FCRA provision, Congress also expressly sought to guarantee important material information be provided to Plaintiff and consumers like him with respect to employer use of a consumer report for an employment adverse action.

65.     Plaintiff and each putative class member has been substantively harmed and injured by FedEx Ground in the violation of their personal privacy and in the deprivation of the congressionally mandated information.

## VI.     FEDEX GROUND ACTED WILLFULLY

66.     FedEx Ground knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission and Consumer Financial Protection Bureau.

13

FedEx Ground obtained or had available substantial written materials, which apprised it of its duties under the FCRA.

67.     The written disclosure that precedes a written authorization for a prospective employer to obtain a consumer report for employment purposes must be presented in a clear, conspicuous, stand-alone form. *EEOC v. Video Only, Inc.*, 2008 WL 2433841 (D. Or.); *Reardon v. ClosetMaid Corporation*, 2007 U.S. Dist. LEXIS 45373 (W.D. Pa.).

68.     Before a person takes an adverse employment action, it must provide two documents to the prospective employee. *See* Letter from Clark W. Brinckerhoff to Erick J. Weisberg (June 27, 1997), FTC Informal Staff Letter ("Brinckerhoff Letter II") (noting that taking action a period of five business days after notice "appears reasonable."); *Williams v. Telespectrum, Inc.*, Civil Action No. 3:05cv853 (E.D. Va. 2006), Report and Recommendation of Magistrate Judge Hannah Lauck dated November 7, 2006, adopted by Judge R. Payne January 8, 2007, (holding that a user of a consumer report must provide to the consumer a copy of the report and disclosure of rights a sufficient amount of time before it takes adverse action so that the consumer can rectify any inaccuracies in the report, and simultaneous provision of the report does not satisfy this requirement); *Kelchner v. Sycamore Manor Health Center*, 305 F. Supp. 2d 429, 435 (M.D. Pa. 2004); (holding a reasonable period for the employee to respond to disputed information is not required to exceed five business days following the consumers receipt of the consumer's report from the employer); *Beverly v. Wal-Mart Stores, Inc.*, No. 3:07cv469 (E.D. Va. 2009) (Consent Order providing ChoicePoint mailing of Adverse Action Notices on behalf of its customers shall occur no earlier than five business days after the mailing of the Pre-adverse Action Notices).

69.     To ensure knowing compliance with the FCRA, Congress requires that before any consumer reporting agency may provide consumer reports on an applicant, the reporting agency

must have obtained a certification from the employer that it will comply with 15 U.S.C. § 1681b(b)(3) whenever the employer decides to take adverse action based in whole or in part on the consumer report. 15 U.S. C. § 1681b(b)(1)(A).

70.     Upon information and belief, FedEx Ground knowingly executed a certification providing that it would comply with the various provisions of the FCRA whenever adverse action was contemplated or taken based in whole or in part on information contained in a consumer report.

71.     Despite its certification, FedEx Ground knowingly violated 15 U.S.C. § 1681b(b)(3).

72.     Despite knowing of these legal obligations, FedEx Ground acted consciously in breaching its known duties and depriving Plaintiffs and other members of the class of their rights under the FCRA.

73.     As a result of these FCRA violations, FedEx Ground is liable to Plaintiff and to each Class Member, for statutory damages from $100 to $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) for the violations alleged herein, and for attorneys' fees and costs pursuant to §§ 1681n and 1681o.

74.     In the alternative to the Plaintiff's allegations that these violations were willful, he alleges that the violations were negligent and seek issue certification of that question and appropriate remedy, if any, under 15 U.S.C. § 1681o.

## VII.    ADDITIONAL CONCRETE HARM

75.     By implementing these policies, FedEx Ground deprived Plaintiff and Class Members of their congressionally mandated rights of privacy and to information to which Congress has deemed them entitled.

15

76.     Section 1681b(b)(2)(A) "establishes a right to specific information in the form of a clear and conspicuous disclosure. The statutory requirement that the disclosure be made in 'a document that consists solely of the disclosure' helps to implement the textual command that the disclosure be clear and conspicuous." *Thomas v FTS USA, LLC*, 2016 U.S. Dist. LEXIS 85545, *18–19 (E.D. Va. June 30, 2016).

77.     Section 1681b(b)(2)(A) also "establishes a right to privacy in one's consumer report that employers may invade only under stringently defined circumstances." *Id.* at *19.

78.     The protections established by § 1681b(b)(2)(A) and by § 1681b(b)(3) "are clearly substantive, and neither is technical nor procedural." *Id.* at 19.

79.     Plaintiff has suffered a concrete informational injury because FedEx Ground failed to provide Plaintiff with information to which he was entitled by statute. Pursuant to § 1681b(b)(2), Plaintiff was entitled to receive certain information at a specific time, namely a disclosure that a consumer report may be procured for employment purposes in a document consisting solely of the disclosure. Such a disclosure was required to be provided to Plaintiff before the consumer report was to be procured. Indeed, the disclosure that was provided lacked the basic information required by the FCRA be disclosed by employers to consumers. By depriving them of this information, FedEx Ground injured Plaintiff and the putative class members. *Public Citizen v. United States Dept. of Justice*, 491 U.S. 440 (1989); *Fed. Election Comm'n v. Akins*, 524 U.S. 11 (1998).

80.     By failing to provide Plaintiff and the Class Members that he seeks to represent with a clear and conspicuous disclosure in writing in a document that consists solely of the disclosure that a consumer report may be obtained for employment purposes as required by § 1681b(b)(2)(A), FedEx Ground denied Plaintiff and the Class Members information to which they were specifically entitled under the FCRA.

81.     By procuring the consumer reports of Plaintiff and the Class Members that he seeks to represent in this matter without making the disclosure required by § 1681b(b)(2)(A), FedEx Ground has unlawfully invaded Plaintiff's and the Class Members' rights of privacy created by the FCRA. *See id.* at *32–33 ("Thomas . . . has alleged that Defendants invaded the statutory right to confidentiality of his personal information by obtaining his consumer report without first providing the required disclosure or obtaining his written consent, as required by § 1681b(b)(2)(A). This allegedly unauthorized disclosure of personal information constitutes an invasion of the statutory right to privacy and a concrete injury sufficient to confer Article III standing.").

82.     As one court put it, "[t]he FCRA makes it unlawful to 'procure' a report without first providing the proper disclosure and receiving the consumer's written authorization." *Harris v. Home Depot U.S.A., Inc.*, 114 F. Supp. 3d 868, 869 (N.D. Cal. 2015). Plaintiff's report contained a wealth of private information which FedEx Ground had no right to access absent a specific Congressional license to do so. The report included, among other things, Plaintiff's date of birth, address history, social security number, and information about his criminal background. By procuring a report containing this private information without complying with Section 1681b(b)(2)'s requirements, FedEx Ground illegally invaded Plaintiff's privacy.

83.     The invasion of privacy exists regardless of the fact that a consumer may have signed the authorization form, and regardless of the accuracy of any information in the resulting consumer report. The violation occurs when FedEx Ground obtains a consumer report based on the disclosure form, and every time FedEx Ground does so.

84.     The informational injuries and the breach of privacy injury suffered by Plaintiff and the Class Members as a result of FedEx Ground's violations of § 1681b(b)(2)(A) are particularized because those injuries happened to Plaintiff and each Class Member.

17

85.     The informational injuries suffered by Plaintiff and the Class Members as a result of FedEx Ground's violations of § 1681b(b)(2)(A) are real and concrete because "it is well-settled that Congress may create a legally cognizable right to information, the deprivation of which will constitute a concrete injury [and] [b]y extension, it is well within Congress' power to specify the form in which that information must be presented." *Thomas*, 2016 U.S. Dist. LEXIS 85545 at *27–28; *see also id.* at *36.

86.     The invasion of privacy injury suffered by Plaintiff and the Class Members as a result of FedEx Ground's violations of § 1681b(b)(2)(A) is real and concrete because "it has long been the case that an unauthorized dissemination of one's personal information, even without a showing of actual damages, is an invasion of one's privacy that constitutes a concrete injury sufficient to confer standing to sue" and Congress has extended the right of privacy to information contained within one's consumer report. *Id.* at *30–31.

87.     Plaintiff and Class Members suffered additional concrete harm because of the adjudication of their reports. In taking such adverse actions against applicants before providing them with the notice and summary of rights demanded by Section 1681b(b)(3), FedEx Ground deprived Plaintiff and Class Members with information to which they were statutorily entitled at a particular time. This deprivation worked concrete harm on Plaintiff and members of the Class.

## VIII.  CLASS ACTION ALLEGATIONS

### IMPERMISSIBLE USE CLASS – VIOLATION OF THE FCRA § 1681b(b)(2)(A)

88.     Pursuant to Pennsylvania Rules of Civil Procedure 1702, 1708, and 1709, and 15 U.S.C. § 1681b, Plaintiff brings this action for himself and on behalf of a class (the "Impermissible Use Class"), defined as:

18

All natural persons residing in the United States (including all territories and other political subdivisions of the United States), who applied for an employment position with FedEx Ground or any of its subsidiaries from five years preceding the filing of this action until the date the Class list is prepared, and as part of this application process were the subject of a consumer report obtained by FedEx Ground, and to whom FedEx Ground attempted the disclosures required at 15 U.S.C. § 1681b(b)(2)(A) through the First Advantage disclosure forms and/or portal using a form substantially similar to the form provided to Plaintiff.

Specifically excluded from this Class are: (a) all federal court judges who preside over this case, their spouses and persons who work for them; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to FedEx Ground releases of all their claims for all of their Class claims; and (d) Plaintiff's counsel and persons who work for them or are related to them by marriage or as immediately family.

89.    **Numerosity.** The Class is so numerous that joinder of all members is impracticable. Based on information and belief, the Class is comprised of at least thousands of members who are geographically dispersed throughout the country so as to render joinder of all Class Members impracticable. The names and addresses of the Class Members are identifiable through documents maintained by FedEx Ground, and the Class Members may be notified of the pendency of this action by published and/or mailed notice.

90.    **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all members of the Class. The total focus of the litigation will be FedEx Ground's uniform conduct and procedures. The common legal and factual questions include, among other things, whether FedEx Ground's standard application process violated 15 U.S.C. § 1681b(b)(2)(A) by failing to make a "clear and conspicuous" disclosure in a document that consists solely of the disclosure, whether FedEx Ground did so willfully, and the proper measure of statutory damages. The appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. § 1681n is a common question for members of the Class.

91.     **Typicality.** Plaintiff's claims are typical of the other Class Members' claims. As described above, Defendant FedEx Ground uses common practices and automated systems in committing the conduct that Plaintiff alleges damaged him and the Class. Plaintiff seeks only statutory and punitive damages for his classwide claims and, in addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class. FedEx Ground uniformly breached the FCRA by engaging in the conduct described above, and these violations had the same effect on each member of the Class.

92.     **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests coincide with, and are not antagonistic to, other Class members' interests. Additionally, Plaintiff has retained counsel experienced and competent in complex, commercial, multi-party, consumer, and class-action litigation. Plaintiff's counsel from Consumer Litigation Associates, P.C. has prosecuted complex FCRA class actions across the country.

93.     **Superiority.** Questions of law and fact common to the Class predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by FedEx Ground's conduct. It would be virtually impossible for the members of the Class to, individually, effectively redress the classwide wrongs done to them, particularly in light of the fact that the claims are in part based on the failure of FedEx Ground to give Class members the proper disclosures and notice. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts.

20

94.     Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by FedEx Ground's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

95.     There are no known unusual legal or factual issues that would cause management problems not normally and routinely handled in class actions. Because Class Members in each Class that Plaintiff seeks to represent may be unaware that their rights have been violated or, if aware, would be unable to litigate their claims on an individual basis because of their relatively small damages, a class action is the only practical proceeding available.

### ADVERSE ACTION CLASS – VIOLATION OF THE FCRA § 1681b(b)(3)(A)(i)

96.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

97.     Pursuant to Pennsylvania Rules of Civil Procedure 1702, 1708, and 1709, and 15 U.S.C. § 1681b, Plaintiff brings this action for himself and on behalf of a class (the "Adverse Action Class"), defined as:

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who submitted an employment application or other request for placement to FedEx Ground; (b) who were the subject of a consumer report which was used by FedEx Ground to make an employment decision from five years preceding the filing of this action until the date the Class list is prepared; (c) about whom First Advantage attributed an "In-eligible" adjudication to the person's consumer report; and (d) to whom FedEx Ground did not provide a copy of the consumer report and summary of rights as required by 15 U.S.C. § 1681b(b)(3) at least five business days before the date the consumer's report at First Advantage was first graded with the "In-eligible" flag.

> Specifically excluded from this Class are: (a) all federal court judges who preside over this case, their spouses and persons who work for them; (b) all persons who

21

elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to FedEx Ground releases of all their claims for all of their Class claims; and (d) Plaintiff's counsel and persons who work for them or are related to them by marriage or as immediately family.

98.    **Numerosity.** The Class is so numerous that joinder of all members is impracticable. Based on information and belief, the Class is comprised of at least thousands of members who are geographically dispersed throughout the country so as to render joinder of all Class Members impracticable. The names and addresses of the Class Members are identifiable through documents maintained by FedEx Ground, and the Class Members may be notified of the pendency of this action by published and/or mailed notice.

99.    **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all members of the Class. The total focus of the litigation will be FedEx Ground's uniform conduct and procedures; whether rejecting an applicant for employment when a background report contains an "ineligible" designation is an "adverse action" subject to the FCRA notice requirements; whether FedEx Ground provided the required notices; when it did so; and, whether FedEx Ground acted willfully in its failure to design and implement procedures to assure compliant delivery and/or timing of these notices. The appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. § 1681n is a common question for members of the Class.

100.    **Typicality.** Plaintiff's claims are typical of the other Class Members' claims. As described above, Defendant FedEx Ground uses common practices and automated systems in committing the conduct that Plaintiff alleges damaged him and the Class. Plaintiff seeks only statutory and punitive damages for his classwide claims and, in addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class. FedEx Ground uniformly

breached the FCRA by engaging in the conduct described above, and these violations had the same effect on each member of the Class.

101.   **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests coincide with, and are not antagonistic to, other Class members' interests. Additionally, Plaintiff has retained counsel experienced and competent in complex, commercial, multi-party, consumer, and class-action litigation. Plaintiff's counsel from Consumer Litigation Associates, P.C. has prosecuted complex FCRA class actions across the country.

102.   **Superiority.** Questions of law and fact common to the Class predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by FedEx Ground's conduct. It would be virtually impossible for the members of the Class to, individually, effectively redress the classwide wrongs done to them, particularly in light of the fact that the claims are in part based on the failure of FedEx Ground to give Class members the proper notice. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts.

103.   Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by FedEx Ground's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

23

104.    There are no known unusual legal or factual issues that would cause management problems not normally and routinely handled in class actions.  Because Class Members in each Class that Plaintiff seeks to represent may be unaware that their rights have been violated or, if aware, would be unable to litigate their claims on an individual basis because of their relatively small damages, a class action is the only practical proceeding available.  To Plaintiff's knowledge, no other similar actions are pending against Defendant.  This forum is appropriate for litigation because Defendants conduct business in Allegheny County and the conduct complained of herein occurred in Allegheny County.

## IX.    CAUSES OF ACTION

### COUNT ONE: VIOLATIONS OF 15 U.S.C. § 1681b(b)(2)(A) BY FEDEX GROUND
#### Class Claim

105.    Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

106.    FedEx Ground's failure to provide members of the Class with a clear and conspicuous FCRA disclosure contained in a stand-alone document consisting only of the disclosure violated 15 U.S.C. § 1681b(b)(2)(A).

107.    Because FedEx Ground's disclosures fail to comply with the FCRA, then the written authorizations to obtain background checks are void.

108.    Thus, FedEx Ground routinely obtains background checks for employment purposes without the written authorization to do so as required by the FCRA.

109.    As a result of its defective disclosure, FedEx Ground procured consumer reports for members of the Class for employment purposes without first obtaining a proper, written authorization to do so, in violation of 15 U.S.C. § 1681b(b)(2)(A).

24

110.    FedEx Ground's obtaining and use of Class member consumer reports without compliance with § 1681b(b)(2)(A) violates 15 U.S.C. § 1681b(f).

111.    The conduct, action, and inaction of FedEx Ground were willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

112.    Plaintiff and other members of the Class are entitled to recover costs and attorneys' fees as well as appropriate equitable relief from FedEx Ground in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n.

### COUNT TWO: VIOLATIONS OF 15 U.S.C. § 1681b(b)(3)(A) BY FEDEX GROUND
### Class Claim

113.    Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

114.    FedEx Ground's failure to provide members of the Class with a copy of the consumer report upon which it based its decision to take the adverse action, prior to taking such action, violated 15 U.S.C. § 1681b(b)(3)(A)(i).

115.    Likewise, FedEx Ground's failure to provide members of the Class the mandated FTC/CFPB Summary of FCRA Rights, prior to taking such action, violated 15 U.S.C. § 1681b(b)(3)(A)(ii).

116.    FedEx Ground's creation of a system in which First Advantage mails pre- and final adverse action letters after hiring decisions are finally already made robs consumers of a reasonable opportunity to dispute inaccurate information in their background reports, further violating Section 1681b(b)(3).

117.    FedEx Ground's obtaining and use of Class member consumer reports without compliance with § 1681b(b)(3) violates 15 U.S.C. § 1681b(f).

118.    The conduct, action, and inaction of FedEx Ground were willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

119.    Plaintiff and other members of the Class are entitled to recover costs and attorneys' fees as well as appropriate equitable relief from FedEx Ground in an amount to be determined by the Court, pursuant to 15 U.S.C. § 1681n.

### COUNT THREE: VIOLATIONS OF 15 U.S.C. § 1681e(b) BY FIRST ADVANTAGE
### Individual Claim

120.    Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

121.    First Advantage conducted its Social Security number "verification" for FedEx Ground by "matching" the Social Security number provided by Plaintiff with his credit file with Experian Information Solutions, Inc. ("Experian").

122.    On information and belief, Experian, in its contract with First Advantage, had explicitly told First Advantage not to rely on the information Experian provided, and had disclaimed any responsibility for the accuracy or currency of that information.

123.    Given the disclaimer by Experian, it was manifestly unreasonable for First Advantage to rely on Experian's data.

124.    Moreover, the United States Social Security Administration (the "Social Security Administration") provides several services for verifying Social Security numbers, including the

"Consent Based Social Security Number Verification Service" (the "CBSV"). According to the

Social Security Administration, the CBSV functions as follows:

> CBSV is typically used by companies that provide banking and mortgage services,
> process credit checks, provide background checks, satisfy licensing requirements,
> etc.

> With the consent of the SSN holder, CBSV can verify if the SSN holder's name,
> date of birth, and SSN match SSA's records. CBSV returns a match verification of
> "yes" or "no." If our records show that the SSN holder is deceased, CBSV returns
> a death indicator. CBSV does not verify an individual's identity.

Social Security Administration – Consent Based Social Security Number Verification Service

(available at https://www.ssa.gov/cbsv/index.html) (last accessed on November 15, 2017).

125.    Instead of using the CBSV, First Advantage employed Experian's matching service

because it allowed for greater automation and cost control.

126.    Plaintiff's First Advantage report contained inaccurate information, and that

inaccurate information substantially contributed to FedEx Ground taking an adverse action against

him.

127.    Moreover, First Advantage's report inaccurately indicated that there was something

wrong with Plaintiff's Social Security Number, rendering him "In-Eligible for Hire."

128.    The First Advantage report caused FedEx Ground to reject Plaintiff for employment

when otherwise he would have been accepted since he met all other requirements for employment.

129.    As a result of this conduct by First Advantage, Plaintiff suffered actual damages,

including without limitation, by example only, and as described herein on his behalf by counsel:

loss of employment, loss of income and equity, damage to reputation, embarrassment, humiliation,

and other emotional and mental distress.

130.    The violations by First Advantage were willful and/or reckless, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, First Advantage was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

131.    Plaintiff is entitled to recover actual damages and/or statutory damages, punitive damages, costs, and attorney's fees from First Advantage in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## X.    **PRAYER FOR RELIEF**

**WHEREFORE**, this action is a class action, which comes within the jurisdiction of the Commerce and Complex Litigation Center pursuant to Allegheny Count Local Rule 249(1). Local Rule 249(3) provides that upon filing, class action cases shall be assigned to the Class Action Judge pursuant to Pa. R. Civ. P. 1701 et seq. As a class action, this action seeks amounts in excess of the jurisdictional limits of the Arbitration Division as set forth in Local Rule 1301.

Plaintiff and the Class pray for relief as follows:

1.    That an order be entered certifying the proposed Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his Counsel to represent the Classes;

2.    That judgment be entered for the proposed Class against Defendant FedEx Ground for statutory damages and punitive damages for violations of 15 U.S.C. § 1681b, pursuant to 15 U.S.C. § 1681n;

3.    That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and,

4.    That judgment be entered for Plaintiff individually against First Advantage for actual and/or statutory damages and punitive damages for First Advantage's violations of 15

U.S.C. § 1681e(b) pursuant to 15 U.S.C. § 1681n and § 1681o.

     5.     That the Court grant such other and further relief as may be just and proper,

including but not limited to any equitable relief that may be permitted.

**A TRIAL BY JURY IS DEMANDED.**

                             Respectfully submitted,
                             **SIDI MOHAMED ABDERRAHMANE DAHY**

By:     s/ James M. Pietz
           James M. Pietz (Pa I.D. No. 55406)
           Ruairi McDonnell (Pa. I.D. 316998)
           Feinstein, Doyle, Payne & Kravec, LLC.
           Law And Finance Bldg.
           429 Fourth Avenue, 13th Floor
           Pittsburgh, PA 15219
           412-281-8400

           Leonard A. Bennett (*pro hac vice application forthcoming*)
           Craig C. Marchiando (*pro hac vice application forthcoming*)
           Elizabeth W. Hanes (*pro hac vice application forthcoming*)
           CONSUMER LITIGATION ASSOCIATES, P.C.
           763 J. Clyde Morris Blvd., Ste. 1-A
           Newport News, VA 23601
           Telephone: (757) 930-3660
           Facsimile: (757) 930-3662
           Email: lenbennett@clalegal.com
           Email: craig@clalegal.com
           Email: elizabeth@clalegal.com

           Drew D. Sarrett (*pro hac vice application forthcoming*)
           THE SARRETT LAW FIRM, PLLC
           513 Forest Avenue, Suite 205
           Richmond, VA 23229
           Telephone: (804) 303-1951
           Facsimile: (804) 250-6005
           E-mail: drew@sarrettlawfirm.com

           *Counsel for Plaintiff and the Class*

29

# EXHIBIT A

FedEx Ground Package System
1000 FedEx Drive
Moon Township, PA 15108



11/23/2015

SIDI MOHAMED DAHY



Dear SIDI MOHAMED DAHY : .

**Personal & Confidential**

In connection with your employer or prospective employer's submission to qualify you in connection with a position providing services under FedEx Ground's motor carrier operating authority, you authorized production of a Consumer and/or Investigative Consumer Report ("Report"). A Report has been prepared by:

**First advantage Background Services Corp.**
**Consumer Center**
**P.O. Box 105292**
**Atlanta, GA 30348**
**(800) 845-6004**

A copy of the Report is enclosed. Also enclosed is a summary of your rights under the Federal Fair Credit Reporting Act and state law, as applicable, and a Rehabilitation Questionnaire (Form XF-400).

Please carefully review the Report. A qualification determination may be based in whole or in part on the information in the Report.

If you believe that any of the information in the Report is inaccurate or incomplete, please contact the consumer reporting agency that provided the Report at the above address/telephone number within five (5) business days of your receipt of this letter.

The Report may include criminal record information that may be considered with respect to qualification as above. If you choose, and if criminal background information is included in the Report, you may provide to us additional information by completing the enclosed confidential Rehabilitation Questionnaire (Form XF-400) and/or any other information about your criminal record or rehabilitation that you would like to have considered. If you choose to complete the XF-400 Form or desire to submit additional information, please follow the directions for submission stated on the enclosed XF-400 Form.

Your responses on the Form XF-400 will be maintained in a confidential manner that will be made available only to those on a need-to-know basis. If you do not submit the Form XF-400 or other



additional information concerning any criminal record or rehabilitation within five (5) business days from your receipt of this letter, qualification will determined based on the available information. Once that decision has been made you will not have the opportunity to submit the XF-400 or other information concerning your criminal record or rehabilitation. It is important, therefore, for you to provide a **timely** response if you so choose.

Nothing stated herein should be construed as indicating an employment relationship, or contemplated employment relationship, between you and FedEx Ground. In all cases, your employer or prospective employer would be the company that seeks to qualify you.

Sincerely,
FedEx Ground

# Background Report

*Confidential*

## SIDI MOHAMED A DAHY

███████████████

## CID - 78447374

## FEDEX GROUND PACKAGE SYSTEM IN
## 1000 FED EX DR

## MOON TOWNSHIP, PA 15108-9373

**Caution to Customer:** Under the terms of the service agreement, this report is delivered with the understanding that the recipient client will hold the same in strict confidence and not disclose it to third parties and furthermore is to be used only for the purpose indicated in the Client's agreement for service, i.e. employment/volunteer/or resident/tenant screening purposes. This report and information provided therein is strictly confidential as it contains personal and sensitive information of the consumer/applicant/candidate/employee and must be utilized solely for the business purposes consistent with the declared purpose in the service agreement and is not to be used by the client or third parties for any other purposes. Client agrees to abide and comply with all applicable laws in connection with this report including data privacy, data protection laws and other similar applicable regulations.

First Advantage is not the source of the data provided in this report in that the data is collected by First Advantage from third party data sources such as public records held in governmental databases or courthouses, schools, colleges, universities, company officials, or third party proprietary databases etc. Accordingly First Advantage does not warrant the accuracy of the information provided by those third parties and expressly disclaims any and all liability for any and all claimed losses, damages, expenses including attorney fees and costs incurred as a result of reliance upon the content of this report.

For US-based Clients or Clients obtaining reports on US residents: Client certifies that it has complied with the Fair Credit Reporting Act (FCRA) and that it has provided a clear disclosure in compliance with the FCRA to the consumer/applicant/candidate/employee and obtained consent and authorization from the consumer/applicant/candidate employee in order to receive this report. If the client intends to take adverse action based in whole or in part on the contents of this report, the client must provide the consumer with a copy of the report, a summary of consumers rights as prescribed by FCRA section 1681g(c)(3) and a copy

of any applicable state law rights before taking any action, wait a reasonable period of time for the consumer to dispute any inaccurate information and then can take adverse action. First Advantage has provided your company with copies of the CFPB Summary of Rights for this purpose.

For California based Clients or Clients obtaining reports on California residents: In California an investigative consumer reporting agency shall provide a consumer seeking to obtain a copy of a report or making a request to review a file, a written notice in simple, plain English and Spanish setting forth the terms and conditions of his or her right to receive all disclosures.

| | |
|---|---|
| If you are a First Advantage Consumer | Please contact the First Advantage Consumer Center at:<br>**1-800-845-6004** Toll Free (within the U.S.)<br>**+1 678-694-2530** Toll Number (outside the U.S.)<br>Or visit http://fadv.com/our-company/contact-support.aspx for local contact details |
| First Advantage Customers | Please contact the CHICAGO EMPLOYMENT SERVICE CENTER at:<br>**(800)888-5773** (outside North America +1-770-569-3001) |

## General Consumer Information

**Consumer's Name** SIDI MOHAMED A DAHY

**Facility Number (5– 03224 digit)**

**Client Name** FEDEX GROUND PACKAGE SYSTEM IN

**FedEx ID** 7893782

The following consumer information was used in the production of this report:
Last Name, First Name, Middle Name, SSN, Date of Birth, Address

**SSN** ▇▇▇▇▇

**Address** ▇▇▇▇▇▇▇

**Date of Birth** 31/Dec/XXXX

### Other Names Provided

| Last Name, Suffix | First Name | Middle Name |
|---|---|---|
| FEITY | SIDI MOHAMED | None Provided |

**Information Regarding this Order:**

**Position Applied For** DR

**Date Ordered** 20/Nov/2015 01:12:04 PM

**Background Check Completion Date** 23/Nov/2015 07:21:46 PM

**Report Last Updated on** 23/Nov/2015 07:21:46 PM

**Date Report Printed** 23/Nov/2015 07:23:16 PM

### Candidate

| Label | Value |
|---|---|
| Company ID | 110 |
| PERSON REQUEST # | 1187933 |

All timestamps represent US Eastern Time

## Background Report Summary

### Score Result In-Eligible For Hire

**Package Name: FXG CRIMINAL BACKGROUND PKG**

| Package Searches Ordered | Status | Review | Score |
|---|---|---|---|
| Social Security Verification | Complete | Yes * | |
| Social Security Verification | Complete | Yes * | Ineligible |
| Federal Criminal | Complete | No | |
| Federal Criminal FREDERICKSBURG, STAFFORD, VA | Complete | No | Eligible |
| Federal Criminal METAIRIE, JEFFERSON, LA | Complete | No | Eligible |
| Felony Including Misdemeanor | Complete | No | |
| Felony Including Misdemeanor FREDERICKSBURG, STAFFORD, VA | Complete | No | Eligible |
| Felony Including Misdemeanor METAIRIE, JEFFERSON, LA | Complete | No | Eligible |
| Felony Including Misdemeanor ALEXANDRIA, ALEXANDRIA CITY, VA | Complete | No | Eligible |
| **Additional Searches Ordered** | | | |
| NONE | | | |

* Further review is required by the client to determine the consumer's eligibility based on background check results. Please refer to the corresponding detailed component report section for additional information.

** Further review is required by the client to determine the consumer's eligibility based on background check results. Please refer to the corresponding detailed component report section for additional information.

*** This product has been blocked from delivery due to compliance related restrictions.

## Social Security Number Validation

**Note**

The Social Security Number Validation is a process where the SSN is confirmed as being issued by the Social Security Administration. The Social Security Number Validation also confirms that the SSN does not belong to a deceased individual.

**Valid SSN?** Yes                    **State Issued**

**Date Issued** None                    **Reported Deceased?** No

**Disclaimer**

The results of the Social Security Number Validation do not provide a verification that the Social Security Number belongs to the Consumer of this report.

Back to top

## Social Security Verification
**Status: Complete**
**Score: Ineligible**

The Social Security Number Verification (SSNV) matches the given SSN against consumer credit files contained in the databases of nationwide credit reporting agencies. The credit bureaus' consumer credit files contain information provided by companies with which the consumer has had financial dealings and/or public record information collected by the bureaus from the courts. The SSNV does not verify that the Social Security Administration issued a specific SSN to a consumer.

### Customer Provided Information

| | | | |
|---|---|---|---|
| **Name Type** | Report Subject | **Name** | DAHI, SIDI M |
| **Name Type** | Former Name | **Name** | OULD, DAHI SIDI |
| **Name Type** | Former Name | **Name** | OULD-DAHI, SIDI O |
| **Name Type** | Former Name | **Name** | MOHAMED, SIDI |
| **Name Type** | Former Name | **Name** | SIDI, OULDDAHI |
| **Name Type** | Former Name | **Name** | SIDI, OUDDAHI |

**Employment Type** ES
**Employer Name** BEST DEAL CORP

**Remark**
A SOCIAL SECURITY NUMBER VERIFICATION SEARCH HAS BEEN COMPLETED AND DISCREPANCIES WERE FOUND. SOCIAL SECURITY NUMBER PROVIDED DOES NOT MATCH THE SOCIAL SECURITY NUMBER ON FILE AT THE BUREAU.

### Order Process History

| Date | Description |
|---|---|
| 20/Nov/2015 01:12:05 PM | Search In Progress. |
| 20/Nov/2015 01:12:06 PM | Search In Progress. |
| 20/Nov/2015 04:07:25 PM | Record Judged. |

Back to top

## Felony Including Misdemeanor FREDERICKSBURG, STAFFORD, VA
**Status: Complete**
**Score: Eligible**

| | |
|---|---|
| **Record Source** | STAFFORD 15TH CIRCUIT COURT |
| **Search Results** | No Record Found |
| **Search Type** | FELONY INDEX SEARCH INCLUDE MISDEMEANORS |
| **Date of Search** | 20/Nov/2015 |
| **Search Period** | 11/06/2005 - 11/06/2015 |
| **Address Covered** | ███████████ |
| **Address City Covered** | ████████ |
| **Address County Covered** | █████ |
| **Address State Covered** | █ |
| **Address Zip** | ██ |
| **Location** | 1300 COURTHOUSE ROAD STAFFORD STAFFORD COUNTY |
| **Given Name Searched** | SIDI MOHAMED A DAHY |

### Source Status History

## VERIFICATION

I, Sidi Mohamed Abderrahmane Dahy, verify that the statements made in the foregoing

Class Action Complaint are true and correct to the best of my knowledge, information and belief.

I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904,

relating to unsworn falsification to authorities.

November 16, 2017

Sidi Mohamed Abderrahmane Dahy